# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SHAWN ANDERSON**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 06-1108**

**BURL CAIN, WARDEN**                                 **SECTION "F"(4)**

### <u>REPORT AND RECOMMENDATION</u>

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

## I.    <u>Factual Background</u>

The petitioner, Shawn Anderson ("Anderson"), is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On July 17, 1996, Anderson was indicted by a St. Bernard Parish Grand Jury for the second degree murder of Audra Kim Payne.[3]  The record does not contain a summary of the facts of the crime charged.

---

[1]Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 2, Indictment, 7/17/96.

Anderson entered a plea of guilty to an amended charge of manslaughter on July 21, 1998.[4] That same day, the State filed a multiple offender bill to which Anderson also entered a plea of guilty.[5]  The Court sentenced Anderson as a multiple offender to 60 years imprisonment.

Anderson did not appeal or seek reconsideration of his sentence.  His conviction became final five days later, on July 28, 1998.  *See Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914[6]); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period less than seven days.)

## II.    Procedural Background

Over two years later, on October 18, 2001, Anderson filed an Application for Post Conviction Relief with the Trial Court.[7]  The Trial Court denied the Application on October 29, 2001, and Anderson sought no review of the ruling.[8]

Almost three years later, on August 17, 2004, Anderson prepared a Motion to Correct Illegal Sentence which the Trial Court filed August 18, 2004.[9]  Anderson alleged therein that the Trial

---

[4]St. Rec. Vol. 1of 2, Indictment (as amended), 7/21/98; Court Entry, 7/21/98.

[5]St. Rec. Vol. 1 of 2, Court Entry, 7/21/98; Docket Sheet, Entry dated 7/21/98.

[6]At the time of the conviction, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to move timely for appeal under Article 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

[7]St. Rec. Vol. 1 of 2, Docket Sheet, Entry dated 10/18/01.  The record does not contain a copy of this application though it is reflected on the docket sheet and in the State's response.  Anderson does not mention this filing in his pleadings.

[8]St. Rec. Vol. 4 of 4, Judgement, 10/6/03.

[9]St. Rec. Vol. 1 of 2, Motion to Correct an Illegal Sentence, 8/18/04 (signed 8/17/04).  For purposes of this opinion, Anderson's signature date will be presumed to be the earliest date on which he could have presented his pleading to prison officials for mailing to the court under any applicable state mailbox rule. *See Causey v. Cain*, 450

Court failed to advise him of the allegations in the multiple bill, that he was entitled to a contradictory hearing, that the allegations in the multiple bill had to be proven beyond a reasonable doubt, or that he had the right to remain silent at the multiple bill hearing.  The Trial Court denied the motion on August 19, 2004, finding no reason presented to alter the sentence imposed.[10]

On October 22, 2004, Anderson submitted a timely Writ Application to the Louisiana Fourth Circuit which was filed on November 3, 2004.[11]  The Court denied the application on November 23, 2004, finding no error in the Trial Court's order.[12]

Anderson filed a timely writ application with the Louisiana Supreme Court on January 6, 2005, alleging the same claims raised in the Motion to Correct Illegal Sentence.[13]  On November 29, 2005, the Court denied the application citing La. Code Crim. P. art. 930.8 and *State ex rel. Glover*

---

F.3d 601, 604-05 (5th Cir. 2006);  *Marshall v. Cain*, 155 Fed. Appx. 769, 2005 WL 3115095 (5th Cir. Nov. 22, 2005) (mailbox rule controls under La. S. Ct. Rule X§5).

[10]St. Rec. Vol. 1 of 2, Trial Court Order, 8/19/04.

[11]St. Rec. Vol. 1 of 2, Notice of Intent, 8/30/04 (granting to 11/1/04 to file); 4th Cir. Writ Application, 2004-K-1895, 11/3/04 (signed 10/22/04).

[12]St. Rec. Vol. 1of 2, 4th Cir. Order, 2004-K-1895, 11/23/04.

[13]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 05-KH-0044, 1/6/05 (signed 12/8/04, post marked 12/8/04). La. S.Ct. R. X§5provides that an application seeking review of the judgment of the court of appeal shall be filed or postmarked within 30 days of the issuance of the judgment or denial of rehearing.  See *Marshall v. Cain*, 155 Fed. Appx. 769, 2005 WL 3115095 (5th Cir. Nov. 22, 2005) (mailbox rule controls under La. S. Ct. Rule X§5); *see also* La. Code Crim. Proc. art. 922(A).

*v. State*, 660 So.2d 1189 (La. 1995),[14] and La. Code Crim. P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996),[15] as the procedural basis for its ruling.[16]

In the meantime, while that application was pending, Anderson filed a second Uniform Application for Post Conviction Relief with the Trial Court on November 22, 2004.[17]  Anderson alleged two grounds for relief: (1) At the multiple bill hearing, he was denied notice, denied a jury trial as required by *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 480 (2000), denied proof of guilt beyond a reasonable doubt, and denied a punishment responsive to the original charge;[18] and (2) ineffective assistance of counsel arising from the issues listed in ground number one.

On November 29, 2004, the Trial Court denied relief finding that the application was a prohibited second application and that the application was not timely filed pursuant to La. Code Crim. P. art. 930.8.[19]  The Court also noted without further reasons that Anderson's reliance on the decision in *Blakely* was misplaced.

---

[14]At the time of his conviction, La. Code Crim. P. art. 930.8 provided a three-year period for a defendant to file for post-conviction relief in the state courts.  In *Glover*, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under Article 930.8, even if the lower court addressed the merits or did not consider timeliness.

[15]In *Melinie*, the Louisiana Supreme Court, relying on La. Code Crim. P. Art. 930.3, ruled that claims of excessive sentence or errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief.

[16]*State ex rel. Anderson v. State*, 916 So.2d 162 (La. 2005); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2005-KH-0044, 11/29/05.

[17]St. Rec. Vol. 1 of 2, Uniform Application for Post Conviction Relief, 11/22/04 (signed 11/17/04).

[18] See discussion of these cases *infra*.

[19]St. Rec. Vol. 1of 2, Trial Court Order, 11/29/04.

Anderson sought timely review of this decision in the Louisiana Fourth Circuit.[20]  He argued to the Court that the decision was in conflict with La. Code Crim. P. art. 930.8, the multiple bill should have been by grand jury indictment and violated *Blakely*, and counsel was ineffective for failure to file a motion to quash the multiple bill.  The Court denied relief on January 19, 2005, finding no error in the Trial Court's ruling.[21]

On March 7, 2005, Anderson filed an untimely Writ Application with the Louisiana Supreme Court.[22]  Anderson argued the same claims urged before the Louisiana Fourth Circuit.  On January 9, 2006, the Louisiana Supreme Court denied the Application citing La. Code Crim. P. art. 930.8, *State ex rel. Glover*, La. Code Crim. P. art. 930.3, and *State ex rel. Melinie* as the procedural basis for its ruling.[23]

## III.   Federal Petition

On April 18, 2006, Anderson filed a Petition for Federal Habeas Corpus Relief in which he alleged the following grounds for relief:[24] (1) At the multiple bill hearing, he was denied notice, denied a jury trial required by *Blakely* and *Apprendi*, denied proof of guilt beyond a reasonable doubt, and denied a punishment responsive to the original charge which led to an invalid sentence; and (2) ineffective assistance of counsel for failure to object to the invalid multiple offender

---

[20]St. Rec. Vol. 1 of 2, Notice to Seek Remedial Writs, 12/7/04 (granted to December 23, 2004); 4th Cir. Writ Application, 2004-K-2187, 12/22/04 (signed 12/14/04).

[21]St. Rec. Vol. 1 of 2, 4th Cir. Order, 2004-K-2187, 1/19/05.

[22]St. Rec. Vol. 2 of 2, La. S.Ct. Writ Application, 05-KH-558, 3/7/05 (signed 1/25/05, post marked 1/26/05).

[23]*State ex rel. Anderson v. State*, 918 So.2d 1035 (La. 2006); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2005-K-0558, 1/9/06.

[24]Rec. Doc. No. 3.

proceedings based on the issues stated in the first claim and failure to object to the denial of his right to face his accusers.

The State filed an answer and opposition memorandum alleging that the petition was not timely filed, and, alternatively, that Anderson is not entitled to relief under *Blakely*.[25]

## IV.  Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[26] applies to Anderson's petition, which is deemed filed in this court under the federal mailbox rule on February 22, 2006.[27]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[25]Rec. Doc. No. 6, 7.

[26]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[27]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Anderson's federal habeas petition on April 18, 2006, when the filing fee was paid.  Anderson dated his signature on the petition on February 22, 2006.  This is the earliest date on which he could have been submitted the pleadings to prison officials for mailing.  The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition.  *See Cousin*, 310 F.3d at 843 (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

In this case, the State has raised the defense that Anderson's petition was not timely filed. The Court also notes that Anderson's claims are in procedural default. That issue notwithstanding, the Court will address the State's limitations defense.

## V.   Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[28] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). As set forth above, Anderson's conviction became final on July 28, 1998. Under the plain language of § 2244, he had until July 28, 1999, to file a timely federal application for habeas corpus relief and he failed to do so. Thus, literal application of the statute would bar Anderson's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a State post conviction application to be considered "properly filed" within the meaning of §

---

[28]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-414 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). The United States Fifth Circuit has clarified its prior opinions to the contrary and resolved that timeliness in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams v. Cain*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same

substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

The federal courts have also determined that requests for transcripts and copies of documents from the record, like those occasionally filed by petitioner, are not "applications for post-conviction or other collateral review" and therefore do not affect the timeliness calculations. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); *see also Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, 2002 WL 63541 (E.D. La. Jan. 16, 2002); *Jones v. Johnson*, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript, not required to file an application, does not warrant equitable tolling).

In this case, Anderson's AEDPA filing period began to run on July 29, 1998, the day after his conviction became final.  The filing period ran uninterrupted for 365 days, until July 29, 1999, when it expired.  Anderson had no properly filed state application for post conviction relief or other collateral review pending during that time period.  Anderson's federal petition is deemed filed on February 22, 2006, which was six years and almost seven months after the AEDPA filing period expired.  His petition is untimely under the AEDPA.

Anderson's subsequent efforts to seek post conviction relief do not affect this calculation. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  In fact, review of the record further demonstrates that there later came a three year period of time between October 29, 2001, when the Trial Court denied his first application for post conviction relief, and August 18, 2004, when he filed

his Motion to Correct Illegal Sentence.  During that time, Anderson also had no properly filed state application for post conviction relief or other collateral review.  This hiatus stands as further grounds to demonstrate that Anderson did not timely pursue state or federal post conviction review.

In addition, Anderson has not demonstrated that the AEDPA filing period could have begun on any other date under the guidelines in Title 28 U.S.C. § 2244.  Specifically, the Court recognizes that § 2244(d)(1)(c) provides that the AEDPA filing period may also begin on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  The Supreme Court has not declared its decisions in *Apprendi* or *Booker* to be retroactively applicable on collateral review.  *See Schriro v. Summerlin*, 542 U.S. 348 (2004); *In re Elwood*, 408 F.3d 211 (5th Cir. 2005).

Furthermore, the holdings in *Apprendi* and *Booker* would not apply to Anderson's challenge to his multiple offender enhancement.  In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Apprendi*, 530 U.S. at 490.  The Court reiterated this rule in *Blakely*, recognizing an exception to the *Apprendi* rule for prior convictions and habitual offender adjudications.  *Accord Williams v. Terrell*, 2006 WL 1751059 (W.D. La. May 2, 2006) (discussing the holdings and non-retroactivity of these cases).

In this case, Anderson's multiple offender enhancement, to which he entered a plea of guilty, was based on the existence of a prior felony conviction.  He was not entitled to a jury on that issue.  Thus, Anderson has failed to demonstrate an alternative trigger for the limitations period which would be applicable to his case.

10

Therefore, Anderson's federal petition is deemed filed on February 22, 2006, over six years after the expiration of the AEDPA filing period, and must be dismissed as untimely.[29]

## VI.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Shawn Anderson's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____ 3rd \_\_\_\_ day of _____ July _____, 2007.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[29]The Court also finds that Anderson has not alleged and the record does not reflect the type of extraordinary circumstances which would warrant equitable tolling.  The Court further notes that the deadlines in this case expired before the suspension of deadlines and time periods instituted by this Court in the aftermath of Hurricane Katrina, which struck this area on August 29, 2005.  Therefore, the disruptions caused by the hurricane are irrelevant to the AEDPA timeliness calculation in this case.  The petition should therefore be dismissed as time barred under the AEDPA.